Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000884
12-JUN-2018
08:14 AM

NO. CAAP-16-0000884

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS
CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,
Plaintiff-Appellee,
v.
BROOKE JULIET CARLINA RIOPTA; AMBER MEGAN RIOPTA;
CASIE ANN RIOPTA, Defendants-Appellants,
and
COUNTY OF KAUA'I, Defendant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS
1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 11-1-0358)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Leonard and Reifurth, JJ.)

Defendants-Appellants Brooke Juliet Carlina Riopta,
Amber Megan Riopta, and Casie Ann Riopta (collectively, the
**Rioptas**) appeal from the foreclosure Judgment entered on November
28, 2016, in the Circuit Court of the Fifth Circuit[1] (**circuit
court**), in favor of Plaintiff-Appellee Wilmington Savings Fund
Society, FSB, doing business as Christiana Trust, not in its
individual capacity, but solely as trustee for Pretium Mortgage

---

[1] The Honorable Kathleen N.A. Watanabe presided.

Acquisition Trust (**Wilmington Savings**). The Rioptas also challenge the "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure" (**Summary Judgment Order**) entered on November 28, 2016.

On appeal, the Rioptas contend that the circuit court erred: (1) because a genuine issue of material fact exists as to whether the subject loan was rescinded pursuant to the Truth in Lending Act; (2) by granting summary judgment to Wilmington Savings based on hearsay evidence; and (3) by not continuing the summary judgment motion to accommodate the Rioptas' request for additional time under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 56(f).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Rioptas' points of error as follows, and we vacate and remand.

The Hawai'i Supreme Court's decision in <u>Bank of America, N.A. v. Reyes-Toledo</u>, 139 Hawai'i 361, 390 P.3d 1248 (2017) is dispositive in this case. In <u>Reyes-Toledo</u>, the supreme court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. 139 Hawai'i at 367-70, 390 P.3d at 1254-57. The supreme court stated, *inter alia*, that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." <u>Id.</u> at 367, 390 P.3d at 1254 (citing <u>Bank of Honolulu, N.A. v. Anderson</u>, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). The supreme court also expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right

2

to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). "As standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Id. at 368, 390 P.3d at 1255 (citation omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the court reasoned, "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

In this case, the Complaint was filed by Citimortgage, Inc. (**Citimortgage**) on December 14, 2011. The Complaint alleged, *inter alia*, that Brooke Riopta and Amber Riopta executed a promissory note in favor of ABN AMRO Mortgage Group, Inc. (**ABN AMRO**), that on September 1, 2007, ABN AMRO merged with Citimortgage, that there was a default, and that "[Citimortgage] is entitled to the foreclosure of the Mortgage and to the sale of the property." A copy of the Note, showing ABN AMRO as the lender, is attached to the Complaint.

On April 25, 2012, Citimortgage filed a "Motion for Summary Judgment and Decree of Foreclosure Against All Defendants" (**Citimortgage Summary Judgment Motion**). In support of this motion was a Declaration of Indebtedness by Angela Dobrick (**Dobrick**), who attested she was authorized to execute the declaration on behalf of Citimortgage and that she was a "Document Control Officer." Dobrick's declaration, executed on March 21, 2012, stated in relevant part that Citimortgage records "contain a Note executed by Brooke Juliet Carlina Riopta and Amber Megan Riopta [sic]" and that "[Citimortgage] is the servicer of the loan and holds the Note." (Emphasis added.) A copy of the Note attached as Exhibit "1" again reflects ABN AMRO as the lender and there does not appear to be any endorsements on the Note.

3

The record reflects that there was no ruling on the Citimortgage Summary Judgment Motion. Rather, on February 11, 2016, Wilmington Savings filed a motion for substitution and amendment of case caption to substitute Wilmington Savings for Citimortgage as the plaintiff and real party in interest. On March 8, 2016, an order granting the substitution of Wilmington Savings for Citimortgage was entered.

On June 17, 2016, Wilmington Savings filed a "Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure" (**Wilmington Savings Summary Judgment Motion**). Attached to this motion was, *inter alia*, a "Declaration of Plaintiff In Support of Motion" executed on June 7, 2016, by Dawn Berry (**Berry**), an Assistant Vice President of Selene Finance LP (**Selene Finance**), the "servicer" for Wilmington Savings. Berry attested in pertinent part that "Plaintiff is now the owner and holder of the Note and the Mortgage." (Emphasis added).

Like in Reyes-Toledo, the evidence in this case fails to demonstrate that the original plaintiff, Citimortgage, was entitled to enforce the Note when this action was commenced. None of the declarations attest that Citimortgage had the right to enforce the Note at the time it filed the Complaint.[2] Although the Complaint alleges that Citimortgage was entitled to foreclose because it had merged with ABN AMRO on September 1, 2007, there is no admissible evidence establishing these facts or any alternative basis for Citimortgage's right to foreclose under the Note when the Complaint was filed.[3]

---

[2] Because the declarations submitted by Dobrick and Berry do not discuss Citimortgage's right to foreclose under the Note at the time the Complaint was filed, we need not address whether the declarations are appropriate to authenticate the pertinent records under U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 398 P.3d 615 (2017).

[3] Wilmington Savings submitted an Attorney Affirmation on June 17, 2016, the same day that its summary judgment motion was filed, which stated in part that the Complaint contained no false statements of fact. However, an attorney affirmation does not establish a lender's entitlement to enforce a note. See U.S. Bank Tr., N.A. v. Busto, CAAP-16-0000334, 2017 WL 2579070 at *2 (Haw. App. June 14, 2017) (SDO) (with Ginoza, J., dissenting on grounds that a

(continued...)

Viewing the evidence in the light most favorable to the Rioptas, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether Citimortgage was entitled to enforce the Note at the time this foreclosure action was commenced. Therefore, the circuit court erred in granting the Wilmington Savings Summary Judgment Motion.

Given the above, we need not address the Rioptas' other points of error.

Therefore, IT IS HEREBY ORDERED that the following, entered by the Circuit Court of the Fifth Circuit on November 28, 2016, are vacated: (1) the "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure"; and (2) Judgment. This case is remanded to the circuit court for further proceedings.

DATED: Honolulu, Hawai'i, June 12, 2018.


On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
Jenna V. Mandraccia,
for Defendants-Appellants.

Marvin S.C. Dang,
Summer Okada,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

(...continued)
majority of this court disregarded a similar attorney affirmation filed pursuant to HRS § 667-17); Wilmington Savings Fund Society v. Yasuda, CAAP-17-0000433, 2018 WL 1904909 (Haw. App. April 23, 2018) (SDO) (with Ginoza, J., concurring based on Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 414 P.3d 89 (2018), wherein the Hawai'i Supreme Court did not give any evidentiary value to the attorney affirmation in that case).